UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Criminal Case:  18 Cr. 00101 (TSC)** |
| **v.** | : | |
| | : | |
| | : | |
| **NICHOLAS BUKOSKI** | | |

**UNITED STATES MEMORANDUM AND
<u>PROFFER IN SUPPORT OF PRETRIAL DETENTION</u>**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to issue an Order detaining NICHOLAS BUKOSKI, (hereinafter "defendant") pending trial.  On April 11, 2018, the Grand Jury returned an indictment charging the defendant with 3 counts of violating of Title 18 U.S.C. Section 875 (c) Transmitting Threats in Interstate Commerce and 2 counts of violating Title 18 U.S.C. Section 115(a)(1)(B) and (b) (4) in connection with a series of threats on March 24, 2018.

At the defendant's initial appearance, the government moved that the defendant be held pursuant to 18 U.S.C. § 3142(f)(1)(A) and (2) (A).  Specifically, the defendant is charged with a crime of violence and poses a serious flight risk.

<u>**Principles Governing Requests for Detention**</u>

The Bail Reform Act lists four factors that guide a court's pre-trial detention decision: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g). At a detention hearing, the government may present evidence by way of a

proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996). A judicial determination that a defendant should be detained pending trial on the ground of community safety must be supported by clear and convincing evidence. *Smith*, 79 F.3d at 1209.

### Factual Proffer of the Evidence Supporting the Charges

On March 24, 2018, three threating messages were communicated within 30 minutes from the defendant in Maryland to locations in the District of Columbia. The first Instagram message was to the office of United States Senator Bernard Sanders and stated "**Senator, I would watch your back as you're out today… You wouldn't want to be caught off guard when I use my second amendment protected firearm to rid the world of you, you stupid, crazy old fool…**" Two minutes later an Instagram message was sent to the office of United States Senator Kamala Harris and stated **"You fucking bitch, I am going to make sure you and your radical lefty friends never get back in power you will never run for president, because you won't make it to see that day."** The third threat was via telephone to the Metropolitan Police Department ("MPD") text tip line and stated: **"forms…I am intending to send the message that gun control, bomb control, or any other kind of weapons control will not stop attacks, it is an issue of the heart.  My heart is messed up and evil, and part of me wants to see people suffer, goddammit. Anyway, good luck and Godspeed finding my presents.  This will be my only message."** [1]

MPD considered the threat to the tip line as directed against the *March for Our Lives* event that was taking place in Washington, D.C. and attended by thousands speaking out against school shootings and gun violence. Investigators believed the word "presents" referred to

---

[1] The defendant also sent an Instagram message to former Congresswoman Gabrielle Giffords **"Mam, I would kindly ask you to stop your radical, left wing, gun-grabbing ways, for your own safety…. It would be a shame to see you get hurt."**

explosive devices. MPD obtained the subscriber information from the provider and determined that the text message came from NICHOLAS EDWARD BUKOSKI, with his date of birth, home address in Anne Arundel County, Maryland and an email address associated with the number.

Anne Arundel County Police responded to the home and met the defendant and his father who allowed entry and spoke to the officers. The defendant was sitting at the kitchen table with a black and red colored cell phone near his right hand. He was asked if he contacted anyone in Washington, DC. He turned to his father and asked him to call his lawyer. The defendant was visibly "nervous" and kept looking at this watch. He then informed the officers that he studies "police tactics," and asked if the "bomb squad was coming." The defendant then stated "they don't need to come here." When asked what he meant by that statement, he refused to answer. At that time, he was placed in handcuffs and taken to the Anne Arundel Medical Center for emergency evaluation. On the way to the medical facility, the defendant stated that he was not crazy and if he was, he would have already done something. The defendant's father gave consent to search the home, and the laptop and cell phone owned by him and used by his son. The father indicated that the son was home with him and on the laptop and cell phone most of the day. He also gave the officers two composition journals written by his son.

The defendant made several statements at the mental treatment facility. He admitted to sending the threats and acknowledged that he crossed the line from free speech to hate speech and violence. Specifically, he sent threatening messages to Senator Bernie Sanders, Senator Kamala Harris, "Senator Gabbie Giffords," Planned Parenthood, and the DC Police. He was watching the news and social media which made him want to send the threats. He stated he was frustrated with liberals and very supportive of the current president. This was the first time he

ever made such threats, which he considered "watch your back threats." He told the officer that he wanted to "get arrested" "because he's committed other crimes and got away with them." He told the officer his telephone number, which is the same number the sent the message to the MPD tip line. He admitted the threats to the Senators were from his Instagram account. He stated his anger got the best of him. He observed several videos on Facebook about the *March* in DC that angered him. In fact, Senators Sanders and Harris had posted messages on Instagram in support of the *March*. The defendant does not have access to a firearm. He stated, his "parents won't purchase a firearm based on his history and the strict gun laws in Maryland" he "probably won't be able to get one." The defendant stated, "I don't want to kill people unless I absolutely need to." When asked about the "presents," referenced in the text message, the defendant stated there were none and that he was "not as smart as the Boston Bombers or the guy in Austin."

A search warrant was executed for all the items provided by the defendant's father. Preliminary examination of the cell phone indicated that on March 23, 2018, the defendant visited an article about Charles Manson. On March 24, 2018, the defendant looked up contacting Senator Sanders and the MPD tip line as well as a Wikipedia page entitled, "threatening government officials of the United States" and a blog entitled "Assassination Threats Against the President: What lands you in prison?" One of the handwritten notes inside the black composition journal contained the following message:

> **"What did I do? Saturday March 24. This morning I sent threatening Instagram Dhis to:"**

The defendant also wrote stories about serial killers and sexual fantasies in his journals. He visits websites about gruesome murders, serial killers and murders of police officers.

On April 9, 2018, the defendant was arrested in Anne Arundel County for armed robbery of a 7-11 with a knife that occurred on January 11, 2018. At the time of the arrest, following

Miranda warnings, the defendant confessed to the armed robbery, several arsons and the threats in this case.  The armed robbery and arson charges are currently pending in Maryland.  The defendant is being held without bond.

**(1) Nature and Circumstances of the Offense Charged**

Sending threatening messages to kill or harm U.S. Senators is a serious offense.  Threating that "presents" in the form of bombs were left in an area where thousands of Americans had gathered to speak out against gun violence is equally serious.  It is further disturbing that the defendant articulates that he "wants to see people suffer."  The language was intended as threatening and asking whether the bomb squad was coming indicates that the defendant's threat was deliberate and well thought out.

**(2) The Weight of Evidence Against the Defendant**

The weight of the evidence against the defendant is substantial.  The defendant admitted making the threat to the MPD tip line and the telephone number where the threats originated from was in fact his number.  The telephone was observed near the defendant's hand when the officers entered his home within hours of the threat.  The threating Instagram posts originated from the defendant's account containing his first name and last initial.

**(3) The History and Characteristics of the Defendant**

The defendant's history and characteristics also support pretrial detention.  The defendant is unemployed and spends most of the day watching Fox News or on the internet.  A proffer of his history will be made at the bench.

**(4) The Nature and Seriousness of the Danger to Any Person or the Community**

The nature and circumstances of the offenses charged in this case support detention particularly in light of the escalation of the defendant's criminal activity.  He poses a threat to the

community because clearly intervention does not prevent further criminal behavior. The government's evidence shows that the defendant poses a clear threat to the safety of the community. A consideration of the nature and circumstances of the offense also requires the Court to weigh the possible penalty the defendant faces upon conviction. See *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990). Indeed, the seriousness of the defendant's crime is reflected in the sentence he would face if convicted. The defendant faces at least 5 years of imprisonment which is significant.

## **Conclusion**

Based on the nature of the charges contained in the Indictment, the weight of the proffered evidence against the defendant, it is evident that at this stage in the proceedings no condition or combination of conditions will reasonably assure the appearance of defendant at trial and the safety of the community.

For the foregoing reasons, as well as those that will be set forth at a hearing on this matter, the government requests that the Court order the pre-trial detention of the defendant.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY
D.C. Bar Number 472845

By: _____/s/_____
BRENDA J. JOHNSON
Assistant United States Attorney
D.C. Bar Number 370737
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7801
Email: Brenda.jonson@usdoj.gov