# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | )   No. 18-cr-101 (TSC) (RMM) |
| | ) |
| **NICHOLAS BUKOSKI,** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## EMERGENCY MOTION FOR HEARING

Nicholas Bukoski, through undersigned counsel, respectfully moves this Court to hold an immediate hearing on the meaning and status of the Order, ECF No. 7, entered in this case on June 8, 2018. In support of this motion, undersigned counsel states the following:

1. Mr. Bukoski is 19 years old and resides with his parents in Anne Arundel County, Maryland. Pursuant to pending unrelated charges in District Court for Anne Arundel County in Maryland, Mr. Bukoski has been held without bond at the Jennifer Road Detention Facility ("Jennifer Road") in Annapolis, Maryland, since the beginning of April 2018. This facility provides special housing for those inmates requiring medical and mental health treatment. At this facility, Mr. Bukoski receives medical treatment and has access to a phone and visits with his family. He also is able to meet with his attorney in those proceedings, whose office is five minutes away from the facility.

2. On May 2, 2018, the Court executed a Writ of Habeas Corpus Ad Prosequendum to the Maryland Division of Corrections so that Mr. Bukoski would be transported from the Jennifer Road facility to this Court to appear for his initial appearance and arraignment in this matter. The Writ issued by the State of Maryland directed that Mr. Bukoski be returned at the conclusion of the hearing.

3.     Mr. Bukoski appeared for an initial appearance and arraignment in this matter on June 8, 2018, before Magistrate Judge Meriweather. The government moved for a "routine processing" order. Mr. Bukoski did not oppose the government's request, and the Court granted the motion. *See* ECF No. 6. A detention hearing was set for June 13, 2018.

4.     So that Mr. Bukoski would be brought back to this Court for the detention hearing, the government requested that the Court enter an order directing the U.S. Marshal to bring Mr. Bukoski back to this Court for the detention hearing on June 13, 2018. Magistrate Judge Meriweather asked the government to draft the order and indicated that the Court would "order that the defendant be brought back before this Court for his detention hearing on 6/13/18." Minute Entry (June 8, 2018).

5.     Immediately after the hearing on June 8, 2018, Mr. Bukoski was transported back to the Jennifer Road facility.

6.     The government provided a draft order to Magistrate Judge Meriweather *ex parte* after the hearing on June 8, 2018. The Court entered the order. The order directed the U.S. Marshal to produce Mr. Bukoski "for a continuation of the detention hearing on June 13, 2018," and directed that "[a]ll medication and medical instructions shall be transported with the defendant and will be returned when he is returned at the conclusion of the detention hearing and local booking process." Order (June 8, 2018), ECF No. 7.

7.     The U.S. Marshal transported Mr. Bukoski back to this Court for a detention hearing on June 13, 2018, and the hearing was held at 1:30 p.m. before Magistrate Judge Robinson.

8.     The government did not arrange for the appropriate agent to complete the "routine booking process" on the morning of June 13, 2018, though Mr. Bukoski was held in the

cellblock of this Court for hours before his afternoon detention hearing. At the hearing, Mr. Bukoski requested that the Court either (1) amend the Order for Routine Booking to direct the appropriate official to conduct the routine booking process immediately before the close of business, so that Mr. Bukoski could be transported back to the Jennifer Road facility that night, or (2) vacate the Order for Routine Booking so that a new order could be entered directing the appropriate official to conduct the routine booking process on the next court date in this matter. Defense counsel expressed concern to the Court and also to government counsel that Mr. Bukoski would be held at the D.C. Jail indefinitely because of the Order for Routine Booking, far from his family and subject to solitary confinement or extremely restrictive conditions that would exacerbate his medical issues. Magistrate Judge Robinson denied Mr. Bukoski's request.

9. Mr. Bukoski has now been held at the D.C. Jail since June 13, 2018—for one week. His routine processing was completed on the morning of Thursday, June 14, 2018. He has had access to a telephone only for one five-minute phone call with his parents on the evening of Thursday, June 14. Because his custody there is "temporary," he has likely been held in protective custody, which is akin to solitary confinement. He has an upcoming hearing in the Maryland matter and his attorney is unable to meet with him until he is returned to the Jennifer Road facility.

WHEREFORE, for the foregoing reasons, Mr. Bukoski respectfully requests that the Court hold an emergency hearing in this matter as soon as possible.

        Respectfully submitted,

        A.J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/s/_____
        Celia Goetzl
        Assistant Federal Public Defender
        625 Indiana Ave., N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500